UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EMIGRANT MORTGAGE COMPANY,
INC.,
    Plaintiff,

v.

JOHN MATAVA,
    Defendant.

No. 3:16-cv-429 (SRU)

## ORDER ON MOTION TO OPEN DEFAULT JUDGMENT

The defendant, John Matava ("Matava") seeks to open a default judgment entered against him. For the reasons set forth below, Matava's motion (Doc. No. 122) is **granted**.

**I.    Background**

This case arises from an April 2014 fire at Matava's home. Am. Compl., Doc. No. 62 at ¶ 13. Plaintiff Emigrant Mortgage Company, Inc. ("Emigrant") initiated this action in March 2016, but did not originally list Matava as a defendant. Compl., Doc. No. 1. Emigrant filed an Amended Complaint in August 2016 naming him as a defendant. Am. Compl., Doc. No. 32. Matava filed a pro se appearance on December 22, 2016 in which he listed his address as a P.O. Box in Vernon, Connecticut. *See* Appearance, Doc. No. 47. Emigrant filed an Amended Complaint on March 3, 2017 in which it alleges that at the time of the fire, Matava's home was insured through Travelers Home and Marine Insurance Company ("Travelers") under a policy that provided for payment to a mortgagee for losses. Am. Compl., Doc. No. 62 at ¶¶ 9-11. Emigrant was listed as a mortgagee in the policy and was the servicer of the loan. *Id*. at ¶¶ 12, 16. Emigrant alleges in its complaint that Travelers issued a check for $207,007.16 made payable to Matava, Emigrant, and United Adjusters, but that Emigrant never received the check

or the funds. *Id*. at ¶ 19-21. Emigrant alleges that United Adjusters endorsed the check and Matava deposited the funds into his bank account with Citizens Bank, which erroneously negotiated the check with only one endorsement. *Id*. at ¶ 22-26. Emigrant alleges two counts against Matava: Common Law Conversion (Count Seven); and Statutory Theft in Violation of Conn. Gen. Stat. § 52-564 (Count Eight).[1] *Id*. at ¶¶ 64-71.

On July 13, 2017, Matava filed a motion seeking an order directing the parties to send him copies of the pleadings as he alleged he had not received any filings beyond the Complaint and court orders. Mot. for Order, Doc. No. 88. Matava's motion was granted and the parties were directed to mail copies of their filings to him. Order, doc. No. 89. Further, Matava was directed to respond to the operative complaint within twenty-one days of it being served on him. *Id*. On December 27, 2017, Emigrant filed a Motion for Default Entry 55(a) for Failure to Plead against Matava showing that the operative complaint, in addition to other filings, were served on Matava on July 31, 2017.[2] Mot. for Def., Doc. No. 107. Thereafter, the motion was granted. Order, Doc. No. 111. On February 9, 2018, Emigrant moved for a Default Judgment against Matava, which was granted five months later. *See* Mot. for Def. Entry, Doc. No. 112; Order, Doc. No. 113. Throughout that time, Matava did not submit any filings. A hearing in damages was scheduled for August 30, 2018, but a Motion to Continue by Emigrant was granted and the hearing was rescheduled to a later date. *See* Doc. Nos. 114, 115, 116. On August 30, I held a conference call with Matava and Emigrant's attorney. Doc. No. 119. At the conference, Matava

---

[1] Emigrant also brought claims against Travelers and Citizens Bank. *See* Am. Compl., Doc. No. 62. The parties filed a joint motion to dismiss all claims against Travelers and Citizens Bank, which was granted, leaving Matava as the sole remaining defendant in the case. *See* Joint Motion, Doc. No. 106; Order, Doc. No. 108. Further, Emigrant filed a Motion to Amend the Complaint, *see* Mot. to Am., Doc. No. 82, which was denied as moot because "the proposed Second Amended Complaint … does not change any of the allegations related to the remaining defendant, John Matava." Order, Doc. No. 109. Accordingly, the Amended Complaint at Doc. No. 62 is the operative complaint.
[2] Emigrant had previously sought and obtained a Motion for Default Entry 55(a) for Failure to Plead with respect to an earlier version of the Complaint. *See* Mot. for Def., Doc. No. 57; Order, Doc. No. 58.

2

alleged that his address had changed and he had not received any of the recent filings and expressed his desire to file a motion to open the judgment against him. I gave him the opportunity to do so and sent him copies of the recent filings to his new address, and he filed his Motion to Open on September 18, 2018, to which Emigrant objected on November 2. *See* Mot. to Open, Doc. No. 122; Opp. to Mot. to Open, Doc. No. 124.

**II.  Discussion**

Motions to open default judgments "are left to the sound discretion of a district court." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Federal Rule of Civil Procedure 55(c) provides that an entry of default judgment may be set aside pursuant to Rule 60(b). Fed. R. Civ. P. 55(c). Federal Rule of Civil Procedure 60(b) provides: "On a motion and just terms, the court may relieve a party … from a final judgment … for the following reasons: … mistake, inadvertence, surprise, or excusable neglect; … [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Rules also provide that such a motion must be made "within a reasonable time" which, for purposes of "mistake, inadvertence, surprise, or excusable neglect" is within a year from the entry of judgment. Fed. R. Civ. P. 60(c)(1). In order to determine whether a default judgment should be set aside, courts look to the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil*, 10 F.3d at 96. Further, courts take into consideration "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id*. Because Matava is appearing pro se, "concerns regarding the protection of [his] rights are heightened" and he is afforded "extra leeway in meeting the procedural rules governing litigation." *Id*. The

Second Circuit has advised that district courts should "set aside the entry of default freely when the defaulting party is appearing pro se." *Id*.

In his motion, Matava alleges that he had not received any notices or filings because his P.O. Box was closed due to nonpayment and he "does not know what happened to all mail that was sent" there. Mot. to Open, Doc. No. 122 at 1. Further, Matava alleges that he is "homeless and has no permanent residence" but provided an updated mailing address to a relative's house in Winsted, Connecticut. *Id*. at 2. He also argues that he "has a good defense to the complaint, and wishes to be heard" and argues that Emigrant "has no standing to any funds or property." *Id*. at 2-3. He may well be right about his "good defense" as he claims that the money he received from Travelers was used to rebuild the subject property, which was in foreclosure. If so, it is beneficial to have a renovated house going through foreclosure rather than one that had suffered fire damage, and, therefore, Emigrant, as a mortgagee of the property, received value from the money paid out by Travelers.

Pursuant to the mandate from the Second Circuit regarding pro se defendants, I will give Matava "extra leeway." *Enron Oil*, 10 F.3d at 96. There is nothing to suggest that Matava willfully defaulted. On the contrary, it seems as though his financial circumstances made it difficult for him to comply with the required procedures; because he could not pay for his P.O. Box and was homeless, there was a period of time where he was not receiving the mail being sent to him by Emigrant and the court. Accordingly, the circumstances justify relief from the default, and I will not impose a "harsh [and] unfair result" on the basis of Matava's excusable neglect. *Id*. Because of his circumstances, and because the Second Circuit mandates that I "freely" set aside default judgments against pro se defendants, Matava's Motion to Open the

4

Default Judgment (Doc. No. 122) is **granted**. The Clerk shall vacate the judgment against Matava.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of December 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge